UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCARLETT ANN JONES, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF VALLEJO, VALLEJO POLICE DEPARTMENT, DETECTIVE MURPHY, and DOES 1 through 20,<br><br>            Defendants. | No. 2:22-cv-01574 WBS JDP<br><br>ORDER RE: DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER |

----oo0oo----

Defendants move to modify the scheduling order. (Docket No. 31.)[1] Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard

---

[1] The motion is decided on the papers without oral argument pursuant to Local Rule 230(g).

1

1  primarily considers the diligence of the party seeking the
2  amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
3  609 (9th Cir. 1992); see also Fed. R. Civ. P. 16, Advisory
4  Committee's Notes (1983 Amendment) (directing courts to consider
5  whether a deadline "cannot reasonably be met despite the
6  diligence of the party seeking the extension").
7           The court's scheduling order issued on May 26, 2023 set
8  the discovery deadline as June 7, 2024, and the dispositive
9  motion deadline as September 5, 2024, consistent with the dates
10 agreed upon by defendants in their Amended Joint Status
11 Report. (See Docket No 30.)  The case was accordingly set for
12 pretrial conference on December 2, 2024, with trial to begin on
13 February 4, 2025.  (See Docket No. 31.)
14          Defendants now seek to extend all current dates by nine
15 months, arguing that there have been delays in discovery and the
16 filing of defendants' motion to dismiss because plaintiff's
17 counsel changed her mind about filing a First Amended Complaint
18 and reneged on the parties' agreement to sign a stipulation on
19 that issue.  However, it appears that defense counsel had been
20 aware of the need to file a motion to dismiss for at least seven
21 months prior to eventually doing so.  (See id.; Docket No. 34.)
22 Defense counsel has not explained to the court why, despite this
23 knowledge, he filed the motion only three months prior to the
24 close of discovery.
25          Even if the delays in filing the motion to dismiss were
26 justified, that does not explain or excuse defense counsel's
27 admitted failure to timely conduct discovery.  For example,
28 defense counsel argues that a continuance of the discovery

2

deadline is necessary because there have been difficulties in scheduling the deposition of defendant Murphy.  It is not at all clear why defendants should need to take that deposition; to the contrary, the documents provided by defendants indicate that plaintiff noticed Mr. Murphy for deposition, not defendants.  (See Docket No. 33 at 31).  Regardless, it appears that the parties made no efforts to schedule that deposition between October 2023 and March 2024.  (See id. at 38-55.)

Moreover, there is still time remaining in which to conduct that deposition, and defendants' motion does not indicate that it has been or will be impossible to conduct the deposition prior to the scheduled deadline.

Altogether, it does not appear to the court that defense counsel has acted diligently such that a modification would be warranted.

IT IS THEREFORE ORDERED that defendants' motion to modify the scheduling order (Docket No. 33) be, and the same hereby is, DENIED.

Dated:  May 7, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE