UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCARLETT ANN JONES, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF VALLEJO, VALLEJO POLICE DEPARTMENT, DETECTIVE MURPHY, and DOES 1 through 20,<br><br>            Defendants. | No. 2:22-cv-01574 WBS JDP<br><br>MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STRIKE |

----oo0oo----

Plaintiff Scarlett Jones brought this § 1983 action against defendants City of Vallejo, Vallejo Police Department, and Detective Brian Murphy, alleging several violations of the Constitution and California state law, all premised on the seizure of cash from her residence. Defendants now move to dismiss and/or strike the complaint. (Docket No. 34.)

I.  Factual and Procedural Background

The Complaint provides the following factual allegations:

1

> On or about November 6, 2021, Defendants, CITY OF VALLEJO, VALLEJO POLICE DEPARTMENT, and DETECTIVE MURPHY unlawfully seized monies from Plaintiff, Scarlett Ann Jones['] residence located at 368 Reis Avenue, Vallejo, CA 94591.  Seizure of the monies from Plaintiff's residence was not within the scope of the search warrant.  Defendants were supposed to provide a seizure form immediately, specifying the items seized and Defendants did not do so.  The funds illegally taken from Plaintiff . . . rightfully belong to Plaintiff and the total of which is estimated to be in excess of $700,000.00.  Defendants never provided an accounting of how much money was unlawfully seized from Plaintiff's residence nor filed a Notice of Forfeiture.

(Compl. ¶¶ 9-13.)

The warrant[1] indicates that the police were searching for evidence in connection with a homicide that occurred at the residence.  (See Search Warrant (Docket No. 23-2 at 5-15) at 12.)

On December 15, 2022, the court granted a stay of this action pending plaintiff's motion for return of the seized property in Solano County Superior Court.  (See Docket Nos. 24, 25.)  On February 16, 2023, the state court judge heard plaintiff's motion for return of the property and held that the

---

[1] The court hereby GRANTS defendants' request for judicial notice of the search warrant, as "'[c]ourts regularly find that search warrants are public records properly subject to judicial notice[.]'"  See Chavez v. City of California, No. 1:19-cv-00646 DAD JLT, 2020 WL 1234503, at *3 (E.D. Cal. Mar. 13, 2020) (quoting Ferguson v. Cal. Dep't of Justice, No. 16-cv-06627 HSG, 2017 WL 2851195, at *1 (N.D. Cal. July 4, 2017)).  Judicial notice is also appropriate because plaintiff has incorporated the warrant into the complaint by reference and does not dispute that the document provided by defendants is an authentic copy of the warrant.  See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[T]he 'incorporation by reference' doctrine [applies] to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.").

1  City was in lawful possession of the property based on the
2  initial evidence presented by the City.  (See Joint Status Report
3  (Docket No. 26) at 2; Cert. Tr. of Evid. Hr'g (Docket No. 34-2 at
4  39-52) at 7:26-8:3.)[2]  This court subsequently lifted the stay in
5  this action on February 28, 2023.  (See Docket No. 27.)

II.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

A.  Fourth Amendment Seizure

Plaintiff's fourth claim alleges that the seizure of the cash "was not within the scope of the search warrant" (see Compl. ¶ 10) and therefore violated the Fourth Amendment.  The warrant listed the following specific types of property to be seized: blood; biological fluids/DNA; fingerprints; clothing; blood stained items; firearms and indicia of firearm ownership;

---

[2] The court hereby GRANTS defendants' request for judicial notice of the certified transcript of the February 16, 2023 state court evidentiary hearing (see Docket No. 34-2 at 39-52) as an indication of what occurred during that proceeding, see Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012), but does not presume the truth of any factual assertions made therein.

3

bullets, casings, and projectiles; cell phones; cameras, recording devices, and recorded footage; computers, laptops, tablets, and similar devices; photographs and measurements of the scene; indicia of ownership or control over the premises; and "any other item or evidence tending to show that homicide with a firearm was committed or that a particular person committed this homicide." (Search Warrant at 6-7.)

"The Fourth Amendment's particularity requirement . . . 'confines an officer executing a search warrant strictly within the bounds set by the warrant.'" United States v. Ramirez, 976 F.3d 946, 951 (9th Cir. 2020) (quoting Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 394 n.7 (1971)). The type of property seized, currency, is not enumerated in the warrant. Plaintiff has therefore plainly stated a claim under the Fourth Amendment on the theory that the seizure exceeded the scope of the warrant. See Snitko v. United States, 90 F.4th 1250, 1263 (9th Cir. 2024) ("to determine whether the government exceeded the scope of a warrant, [courts] compare the terms of the warrant to the search actually conducted"); United States v. Giberson, 527 F.3d 882, 886 (9th Cir. 2008) ("Generally, in a search made pursuant to a warrant, only specifically enumerated items may be seized.").[3]  The court

---

[3] Defendants' motion states that the cash was seized as "possible evidence of [Employment Development Department ('EDD')] fraud due to the large sum, how it was stored," and the presence of other evidence suggesting EDD fraud. (See Docket No. 34 at 12.) While defendants also argue in conclusory fashion that the cash was "related to the homicide investigation" (see id. at 23), defendants' reference to EDD fraud lends credence to plaintiff's allegation that the search exceeded the scope of the warrant, which was expressly limited to homicide-related evidence.

1 | therefore will not dismiss the fourth claim.
2 |       It is possible that some exception to the warrant requirement may apply (though defendants have not identified any such exception). See Brewster v. Beck, 859 F.3d 1194, 1196 (9th Cir. 2017) (a "seizure conducted without a warrant is per se unreasonable under the Fourth Amendment -- subject only to a few . . . well-delineated exceptions"). Regardless, the complaint need not expressly negate the application of potential exceptions to the warrant requirement, as allegations indicating that the search exceeded the scope of that warrant are sufficient at the pleading stage. See Agro Dynamics, LLC v. United States, No. 20-cv-2082 JAH KSC, 2023 WL 6130813, at *7 (S.D. Cal. Sept. 19, 2023) (denying motion to dismiss and declining to grant qualified immunity on Fourth Amendment claim because, inter alia, "the alleged facts show that [defendants' seizure] exceeded the scope of the search warrant"); Reasoner v. City of Pittsburg, No. 18-cv-07674 TSH, 2019 WL 3503066, at *9 (N.D. Cal. Aug. 1, 2019) ("assuming [plaintiff's] factual allegations to be true and construing all inferences from them in his favor, [he] has stated a claim for violations of his Fourth Amendment rights because he alleges [d]efendants acted outside the scope of the warrant"); Green v. County of Yuba, No. 2:18-cv-02234 JAM AC, 2019 WL 827638, at *4 (E.D. Cal. Feb. 21, 2019) (denying motion to dismiss Fourth Amendment claim because "even with a valid warrant, [plaintiff's] allegations, if true, would support a finding that the search and seizure exceeded the scope of the warrant").

    B.    Other Federal Claims

5

1           The first claim under the Equal Protection Clause fails
2  because the complaint does not contain any non-conclusory factual
3  allegations suggesting that "defendants acted with an intent or
4  purpose to discriminate against the plaintiff based upon
5  membership in a protected class." See Shooter v. Arizona, 4
6  F.4th 955, 960 (9th Cir. 2021).

7           The second claim alleging deprivation of procedural due
8  process fails because it is duplicative of the Fourth Amendment
9  claim.  See Sanders v. City of San Diego, 93 F.3d 1423, 1429 (9th
10 Cir. 1996) ("when seizing property for criminal investigatory
11 purposes, compliance with the Fourth Amendment satisfies pre-
12 deprivation procedural due process as well").

13          The third claim alleging deprivation of substantive due
14 process fails because "the Fourth Amendment provides an explicit
15 textual source of constitutional protection" that applies to
16 unlawful seizures, and therefore "that Amendment, not the more
17 generalized notion of 'substantive due process,' must be the
18 guide for analyzing these claims."  See Graham v. Connor, 490
19 U.S. 386, 395 (1989).

20          The fifth claim under the Takings Clause fails because
21 "property seiz[ed] during a criminal investigation" is not taken
22 for "public use" and therefore cannot sustain a takings claim.
23 See Jenkins v. United States, 71 F.4th 1367, 1373 (Fed. Cir.
24 2023); see also Scott v. Jackson County, 297 F. App'x 623, 625–26
25 (9th Cir. 2008).  There is persuasive out-of-circuit authority
26 indicating that seizure of property in the criminal context can
27 lead to "takings liability for the period after seized property
28 is no longer needed for criminal proceedings."  See Jenkins, 71

F.4th at 1373.  However, there are no allegations in the complaint that suggest defendants have retained the property when it is no longer required for the purpose of a criminal investigation.

Accordingly, the court will dismiss the first, second, third, and fifth claims.

### C. State Law Claims

The sixth claim for negligence fails because the complaint's vague reference to defendants' supposed duty to comply with "the Municipal Code and other quality of life and [sic] codes" (see Compl. ¶ 56) does not sufficiently allege the circumstances giving rise to a duty (as required to state a negligence claim, see Ileto v. Glock Inc., 349 F.3d 1191, 1203-04 (9th Cir. 2003)), let alone what defendants had a duty to do, nor has plaintiff cited any authority on the issue.

The seventh claim alleging breach of a mandatory duty pursuant to California Government Code § 815.6 fails because neither the complaint nor plaintiff's opposition brief identify any "specific statutory mandate" that defendants are alleged to have violated.  See State Dep't of State Hosps. v. Superior Ct., 61 Cal. 4th 339, 348 (2015).

Accordingly, the court will dismiss the sixth and seventh claims.

### D. Qualified Immunity

Defendant Murphy argues that he is entitled to qualified immunity.  "'The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established

7

[federal] statutory or constitutional rights of which a reasonable person would have known.'" Longoria v. Pinal County, 873 F.3d 699, 704 (9th Cir. 2017) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)).

While courts are permitted to consider qualified immunity at the pleadings stage, the Ninth Circuit has explained that doing so "raises special problems for legal decision making." See Keates v. Koile, 883 F.3d 1228, 1234 (9th Cir. 2018) (citing Kwai Fun Wong v. United States, 373 F.3d 952, 956-57 (9th Cir. 2004)). By considering qualified immunity at the pleadings stage, "the courts may be called upon to decide far-reaching constitutional questions on a nonexistent factual record." Kwai Fun Wong, 373 F.3d at 957.

At this stage, "[i]f the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,' then plaintiffs are 'entitled to go forward' with their claims." Keates, 883 F.3d at 1235 (quoting Pelletier v. Fed. Home Loan Bank of San Francisco, 968 F.2d 865, 872 (9th Cir. 1992)).

As relevant here, it is clearly established that a "seizure conducted without a warrant is per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." See Brewster, 859 F.3d at 1196; see also Ramirez, 976 F.3d at 951 (the Fourth Amendment "confines an officer executing a search warrant strictly within the bounds set by the warrant"). At the very high level of generality in which the complaint frames the alleged violation -- seizure of property outside the scope of the

warrant -- it is possible that defendant violated a clearly established right. The court therefore will not grant qualified immunity at this stage.

However, the allegations of the complaint do not foreclose the possibility that defendant Murphy did <u>not</u> violate any clearly established right, especially given that the warrant requirement is subject to several exceptions. See Brewster, 859 F.3d at 1196. The court's denial of qualified immunity at this juncture therefore "sheds little light" on whether defendant Murphy "might ultimately be entitled to qualified immunity" once the case proceeds "at least to the summary judgment stage," where "the court is presented with facts providing context for the challenged actions." See Keates, 883 F.3d at 1235.[4]

III. Motion to Strike

Rule 12(f) authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and alteration omitted), rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994). "Because motions to strike are 'often used as delaying tactics,' they are 'generally disfavored' and are rarely granted in the absence of

---

[4] Defendants also argued that they are entitled to statutory immunity for the state claims. The court need not address this argument because the court dismisses all state claims.

9

prejudice to the moving party." Pickern v. 3 Stonedeggs, Inc., No. 2:13-cv-1373 WBS, 2014 WL 309552, at *1 (E.D. Cal. Jan. 28, 2014) (quoting Rosales v. Citibank, FSB, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).

Defendants contend that plaintiff improperly seeks attorneys' fees under California Code of Civil Procedure § 1021.5 and contract damages, which they argue are not available to plaintiff as a matter of law and should therefore be stricken.

The Ninth Circuit has held that Rule 12(f) "does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 971 (9th Cir. 2010). A prayer for relief, even if that relief is not available, does not constitute an insufficient defense, or redundant, immaterial, impertinent, or scandalous matter. See id. at 973-74. Further, defendants have not shown that the prayers for damages and fees will prejudice them. See Pickern, 2014 WL 309552, at *1. Thus, regardless of whether such damages and fees would ultimately be available to plaintiff, the court must deny the motion to strike.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or strike (Docket No. 34) be, and the same hereby is, GRANTED IN PART as to the first claim under the Equal Protection Clause; second claim for denial of procedural due process; third claim for denial of substantive due process; fifth claim under the Takings Clause; sixth claim for negligence; and seventh claim for breach of mandatory duty. The motion to dismiss or strike is DENIED in all other respects. Plaintiffs have fourteen days from

the date of this Order to file an amended complaint, if they can do so consistent with this Order.

Dated: May 13, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE