1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   SCARLETT ANN JONES, an              No. 2:22-cv-01574 WBS JDP
     individual,
13
                Plaintiff,
14                                       ORDER
          v.
15
     CITY OF VALLEJO, VALLEJO POLICE
16   DEPARTMENT, DETECTIVE MURPHY,
     and DOES 1 through 20,
17
                Defendants.
18

19                         ----oo0oo----

20          Defendants have moved for summary judgment in this

21   action brought by plaintiff under 42 U.S.C. § 1983 for violation

22   of her Fourth Amendment rights in connection with the seizure and

23   failure to return more than $471,000 in cash from her residence.

24   At oral argument on the motion, it became apparent -- based on

25   counsel's discussion of the pending state court proceedings and

26   on the court's review of the pleadings -- that this matter calls

27   out for the imposition of a stay pursuant to Colorado River Water

28   Conservation District v. United States, 424 U.S. 800 (1976).

                                  1

1    Colorado River "control[s] whether a stay can issue in
2    favor of parallel state proceedings." Ernest Bock, LLC v.
3    Steelman, 76 F.4th 827, 843 (9th Cir. 2023).  Plaintiff's motion
4    for return of the very same seized cash at issue in this case
5    remains pending in an action filed in the Solano County Superior
6    Court.

7        Where, as here, there are "parallel" state and federal
8    proceedings involving the "same matter," the Ninth Circuit
9    employs a "pragmatic, flexible" consideration of the following
10   factors to determine whether Colorado River controls:

> (1) which court first assumed jurisdiction over any
> property at stake; (2) the inconvenience of the
> federal forum; (3) the desire to avoid piecemeal
> litigation; (4) the order in which the forums obtained
> jurisdiction; (5) whether federal law or state law
> provides the rule of decision on the merits; (6)
> whether the state court proceedings can adequately
> protect the rights of the federal litigants; (7) the
> desire to avoid forum shopping; and (8) whether the
> state court proceedings will resolve all issues before
> the federal court.

17   Mendocino Ry. v. Ainsworth, 113 F.4th 1181, 1188 (9th Cir. 2024).

18       The first factor supports a stay.  On February 3, 2023,
19   the state court held the first hearing on plaintiff's motion for
20   return of property.  (See Cert. Tr. of Mot. Hr'g (Docket No. 46-2
21   at 175-90).)  Counsel for the City in that case represented that
22   the money had yet to be counted, and the judge ordered the City
23   to count the money and ordered the hearing continued to February
24   16, 2023.  (Id. at 6:21-24, 14:2-14.)  At that subsequent
25   hearing, Detective Murphy, a defendant in this case, testified
26   that he believed the seized cash could be connected to an
27   Employment Development Department ("EDD") fraud scheme or drug
28   sales.  (Cert. Tr. of Evid. Hr'g (Docket No. 46-2 at 197-206) at

6:15-7:9.)  Also at that hearing, the judge issued a preliminary ruling on the motion and granted plaintiff's request for leave to conduct discovery prior to further proceedings, stating: "You go ahead and complete your discovery, and then contact my judicial assistant and I'll give you a date."  (Id. at 9:18-19.)  In making these rulings, the state court exercised its jurisdiction over the property at stake, which this court has yet to do.

The third and eighth factors similarly support a stay. At issue in both cases is defendants' seizure and retention of the money.  Indeed, the exact argument already presented in state court -- that seizure of the cash was reasonable based on evidence of its possible connection to an EDD fraud scheme or drug sales -- is the basis for defendants' pending motion for summary judgment.  Under these circumstances, "allowing [both] actions to proceed simultaneously will duplicate judicial efforts" to resolve the common issues present in the cases, and as such "could waste judicial resources and cause confusion in the continuing disputes between the parties."  See Ernest Bock, 76 F.4th at 837.  More than that, going forward with this case now, and taking up the very issues the state court judge is in the process of adjudicating, would also frustrate state-federal comity.

Likewise, the fourth factor supports a stay.  Under this factor, courts consider not only filing dates, but also "the progress made in each case."  See Ernest Bock, 76 F.4th at 837-38 (citing Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d 835, 843 (9th Cir. 2017)).  Although the complaint in this case was filed before commencement of the state court action and this

court has ruled on a motion to dismiss (see Docket No. 42), this court has yet to consider the merits of plaintiff's claims.  In contrast, the state court already held an evidentiary hearing on plaintiff's motion, at which the judge preliminarily concluded, based on Murphy's testimony, that the City was then in lawful possession of the property (see Cert. Tr. of Evid. Hr'g at 5:25-8:3), thereby engaging with the merits of the case.

Finally, the sixth factor favors a stay because there is no reason to doubt that the state court proceedings can adequately protect plaintiff's rights.  It appears that plaintiff seeks the same relief in both fora, namely the return of the seized funds.  (See Docket No. 47 at 2 ("Plaintiff seeks the return of $471,920 seized by the Vallejo Police Department during a homicide investigation.").)  In fact, the state court is poised to address whether plaintiff is entitled to that relief.  The parties represented to this court that the relevant discovery has been conducted.  In order to vindicate plaintiff's rights and remedy the injustice plaintiff contends was done by defendants' retention of the money -- which may well represent a family's life savings -- plaintiff's counsel need only contact the state judge's chambers to arrange a hearing.

Despite the passage of more than twenty months since the state court's ruling, plaintiff's counsel apparently has not made any effort to pursue further proceedings on her pending motion for return of property.  When questioned at oral argument, counsel could provide no explanation for this delay, yet indicated a willingness and intention to initiate additional proceedings.  For the foregoing reasons, a stay in favor of the

4

1    action pending in state court is warranted under <u>Colorado River</u>.

2          IT IS THEREFORE ORDERED that this case be, and the same

3    hereby is, STAYED for 120 days.  The parties shall file a joint

4    status report upon resolution of the related proceedings in state

5    court or within 120 days, whichever is earlier.  Any pending

6    dates or deadlines in this case are hereby VACATED.

7          IT IS FURTHER ORDERED that defendants' motion for

8    summary judgment (Docket No. 46) be, and the same hereby is,

9    DENIED WITHOUT PREJUDICE to refiling after the stay is lifted.

10   Dated:  October 30, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5